UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN DANIEL TWOHIG,

           Plaintiff,                No. 12-11832

v.                                District Judge Gerald E. Rosen
                                Magistrate Judge R. Steven Whalen

WILL RILEY, ET AL.,

           Defendants.
_____ /

**REPORT AND RECOMMENDATION**

Plaintiff Sean Daniel Twohig, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  Before the Court is Defendants' Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [Doc. #19], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Motion be construed as an unenumerated Rule 12(b) motion to dismiss, that it be GRANTED, and that the Complaint be DISMISSED WITHOUT PREJUDICE.

**I.    FACTS**

Mr. Twohig originally filed his Complaint in the Western District of Michigan. On April 24, 2012, the Honorable Robert J. Jonker dismissed the Complaint as to the MDOC and the Cooper Street Correctional Facility on Eleventh Amendment grounds, and transferred venue to this district [Doc. #3].

The handwritten Complaint alleges deliberate indifference to Mr. Twohig's medical needs and retaliation. In his Order of Partial Dismissal and Transfer [Doc. #3],

-1-

Judge Jonker summarized the allegations as follows:

> "...Plaintiff alleges that, in November 2011, Defendants failed to provide him with medical treatment after he began to bleed from the rectum. He told an unknown nurse during a regular blood pressure checkup that he was experiencing severe bleeding, but she simply told him go back to the unit to file a kite.  Plaintiff separately asked Defendants Brazzee and Runyon to allow him to go to health services to be seen for the problem, but both refused.  Finally, Officer Redman, who is not a Defendant in this action, called health services and escorted Plaintiff there.  Upon examination, Plaintiff was transferred to the hospital for emergency medical treatment. After Plaintiff complained about the failure of Defendants Brazzee and Runyon to call health services, Defendants Riely (*sic* Riley) and McCabe allegedly ganged up on Plaintiff at a meeting and retaliatorily transferred him to a higher security facility."

Submitted with Defendants' Motion as Exhibit 2 is the Affidavit of Richard Russell, the Manager of the Grievance Section of the MDOC.  Mr. Russell states that "[w]hen a Step III grievance is received in the Grievance Section, it is date-stamped by clerical staff and entered into the database." *Russell Affidavit*, ¶ 10. He further states, "I have caused a search of the database relevant to step III grievance appeals filed by the plaintiff.  Since May 2009, he has not filed any grievances to step III." *Id*. ¶ 18. Attached to Mr. Russell's affidavit is Mr. Twohig's MDOC Prisoner Step III Grievance Report for May, 2009 to the present, showing that no Step III grievances were filed during that period.

On January 15, 2013, the Court entered an order requiring Mr. Twohig to respond to the Defendants' motion by February 14, 2013, and mailed the order to him [Doc. #20]. The order was returned as undeliverable [Doc. #21]. On March 29, 2013, the Court entered an order referring this matter to the undersigned Magistrate Judge, and mailed it to Mr. Twohig [Doc. #22].  This order too was returned as undeliverable [Doc. #23].  On April 18, 2013, Mr. Twohig, who by then was no longer in the custody of the MDOC, notified the Court of his change of address [Doc. #24].  The Court then sent Mr. Twohig a

-2-

second order to respond to the Defendants' Motion, requiring a response by May 29, 2013 [Doc. #25]. To date, he has not filed a response.

## II.    STANDARD OF REVIEW

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385. Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Under *Jones*, it is Defendants' burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008)*. Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

Under the PLRA, a dismissal for failure to exhaust nonjudicial remedies is without

prejudice. *Boyd v. Corrections Corp. of America,* 380 F.3d 989, 994 (6th Cir.2006) (citing *Knuckles El v. Toombs,* 215 F.3d 640 (6th Cir.2000)); *McCloy v. Correctional Medical Services*, 794 F.Supp.2d 743, 751 (E.D.Mich. 2011).

There has been a divergence of viewpoints as to the correct procedural basis for a dismissal premised on non-exhaustion.  In *Jones v. Bock,* 127 S.Ct. at 921, the Supreme Court suggested in dicta that failure to exhaust might be a basis for dismissal under Rule 12(b)(6).  However, in *Pointer v. Wilkinson*, 502 F.3d 369 (6ᵗʰ Cir. 2007), the Sixth Circuit found that a dismissal based on exhaustion may be distinct from a dismissal for failure to state a claim upon which relief may be granted.  *See also Snider v. Melindez,* 199 F.3d 108, 112 (2d Cir.1999) (concluding that failure to state a claim as used in § 1997e(c) and § 1915(g) does not include failure to exhaust administrative remedies). In *Melton v. Michigan Corrections Commission*, 2009 WL 722688 (E.D. Mich. 2009), the Court granted a motion for summary judgment, dismissing the complaint without prejudice for failure to exhaust. In the present case, the Defendants have framed their request as a motion for summary judgment.

In the context of the PLRA, a plaintiff's failure to exhaust administrative remedies does not seem to fit within Fed.R.Civ.P. 12(b)(6). After *Jones v. Bock*, failure to exhaust is not a pleading requirement, so there is no determination of whether a plaintiff has stated a claim on the face of the complaint. And unlike the typical 12(b)(6) motion, dismissal is without prejudice.[1] Rule 12(b)(1) (subject matter jurisdiction) clearly does

---

[1] If viewed as a Rule 12(b)(6) motion, a dismissal for failure to exhaust could also lead to the dismissal counting as a "strike" under the "three strikes" rule of 28 U.S.C. § 1915(g), which precludes granting IFP status to an inmate who has had three or more previous civil actions dismissed as frivolous or for failure to state a claim. In *Thompson v. Drug Enforcement Administration*, 492 F.3d 428, 438 (D.C. Cir. 2007), the D.C. Circuit stated in dicta:

-4-

not apply, since "the PLRA exhaustion requirement is not jurisdictional." *Woodford v.*
*Ngo*, 548 U.S. 81, 101, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Summary judgment
seems inapposite since there is no determination of the merits of the case, and "judgment"
is not entered. *See Studio Electrical Technicians Local 728 v. International*
*Photographers of Motion Picture Industries, Local 659*, 598 F.2d 551, 552 (9th Cir. 1979)
("Summary judgment is on the merits," and failure to exhaust, as a matter in abatement,
"ordinarily" does "not deal with the merits."). *But see McCloy v. Corr. Med. Srvcs., supra*
(treating exhaustion motion as a motion for summary judgment).

A number of courts have characterized a request to dismiss for failure to exhaust
nonjudicial remedies as "subject to an unenumerated Rule 12(b) motion rather than a
motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003);
*see also Johnson v. Gregoire*, 2008 WL 5156428, *3 (W.D. Wash. 2008), citing *Ritza v.*
*International Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir.
1988) (finding that "while no defense described in 12(b)(1) through (7) encompasses
failure to exhaust, federal courts traditionally have entertained certain pre-answer motions

---

"With regard to exhaustion, both section 1915(g)'s text and our desire for clarity
point toward the same rule: if the court dismisses an unexhausted complaint on a
Rule 12(b)(6) motion or if it dismisses the complaint *sua sponte* and expressly
declares that the complaint fails to state a claim, the dismissal counts as a strike.
But if the court dismisses the complaint on some other procedural mechanism,
such as a Rule 12(b)(1) motion or a motion for summary judgment, the dismissal
will not count as a strike."

In *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir.), the Sixth Circuit held that where a
complaint is dismiss in part without prejudice for failure to exhaust and in part with prejudice for
failure to state a claim, the dismissal counts as a strike. Nevertheless, in *Booth v. Carril*, 2007
WL 295236, *3-4 (E.D. Mich. 2007), the court held categorically that "a routine dismissal for
failure to exhaust administrative remedies does not count as a 'strike' under § 1915(g)." *See*
*also Green v. Young*, 454 F.3d 405 (4th Cir. 2006) ("Because a dismissal for failure to exhaust is
not listed in § 1915(g), it would be improper for us to read it into the statute."); *Snider v.*
*Melindez, supra*. I am inclined to agree with the reasoning of *Booth*, *Green* and *Snider*.
However, the absence of a clear directive from the Sixth Circuit is yet another reason to not treat
these matters as Rule 12(b)(6) motions.

not expressly provided for by rule, and authority to hear such motions lies in federal court's inherent power to regulate actions pending before it"); *Thrasher v. Garland L*, 2007 WL 3012615, *1-2 (W.D. Wash. 2007) ("The proper motion to bring when asserting failure to exhaust administrative remedies...is an unenumerated 12(b) motion....").

I am persuaded that treating exhaustion motions as unenumerated Rule 12(b) motions is the more sound approach, particularly given the uncertainty as to whether a dismissal based purely on exhaustion constitutes a "strike" under the PLRA, and I recommend that the Court apply that paradigm.

### III.   DISCUSSION

MDOC Policy Directive (PD) 03.02.130 provides prison inmates a detailed procedure for bringing forward complaints.[2]  This grievance procedure consists of four acts an inmate must undertake prior to seeking judicial review, each with specific time limits.  First, within two business days after becoming aware of a grievable issue, the inmate must attempt to verbally resolve the dispute with those involved.  If such an attempt is not possible, or if it is unsuccessful, the inmate must then file a Step I grievance form within five days.  The prison staff is required to respond in writing within 15 days, unless an extension is granted by the grievant.  If the inmate is not satisfied with the response, he must request a Step II appeal form and file it within ten days after receiving the Step I response.

If the inmate is dissatisfied with the result at Step II, he or she has ten business days to appeal to Step III.  The Step III appeal is handled by the MDOC Director or his

---

[2] PD 03.02.130 is reproduced in Exhibit 1 to Defendants' Motion.

-6-

designee at the Prisoner Affairs Section, Office of Program Services, in Lansing, Michigan.  The Step III response concludes the standard administrative process.

The Defendants have shown, through Mr. Russell's affidavit and Mr. Twohig's Step III Grievance Report, that Mr. Twohig never completed the grievance process through Step III, and has therefore not "properly exhausted" his claims against these Defendants. *Woodford v. Ngo*, *supra*. Mr. Twohig has not responded to the Defendants' Motion. The Defendants have therefore carried their burden of showing that Mr. Twohig did not complete the MDOC's administrative grievance procedure prior to filing his complaint. Because proper exhaustion is mandatory under 28 U.S.C. § 1997(e)(a), the complaint must be dismissed without prejudice. *Porter v. Nussle, supra*; *Boyd v. Corrections Corp., supra*.

## IV.   CONCLUSION

Accordingly, I recommend that Defendants' Motion for Summary Judgment [Doc. #19] be construed as an unenumerated Rule 12(b) motion to dismiss, that it be GRANTED, and that the Complaint be DISMISSED WITHOUT PREJUDICE.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.

1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 13, 2013               s/R. Steven Whalen
                                   R. STEVEN WHALEN
                                   UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on June 13, 2013, electronically and/or by U.S. mail.

                                   s/Michael Williams
                                   Relief Case Manager for the Honorable
                                   R. Steven Whalen

-8-